BJOERN EDWARDS

*v.*

JOSEPH K. TYLER *et al.*

*Filed at Ottawa May 12, 1892.*

1. STATUTE OF FRAUDS—*authority of wife to bind husband to sale of lands.* Where the letters and telegrams of the wife of the owner of land to his agents to collect rents, only, desiring such agents to sell at a stated price, are relied on as authority to the agents to sell, it must be shown that the owner gave his wife authority, in writing, to authorize the agents to sell the property.

2.   In such case, where the wife's letters were not submitted to the owner before being sent, and he had no knowledge of their contents or of the telegrams, he will not be bound by them; but if the letters and telegrams had been submitted to him before they were sent off, and received his approval, it might be that he would be bound by the statements therein, on the ground that they were his acts, and not the acts of the wife.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

This was a bill for the specific performance of a contract for the sale of real estate, brought by the appellant, against Joseph K. Tyler, Emma J. Tyler and C. H. Hood. It is alleged in the bill, that on July 10, 1890, Joseph K. Tyler was possessed in fee simple of lot 13, block 16, in Herrington's addition to Chicago, and on that day, by his duly authorized agent, entered into a written agreement with appellant for the consideration of the sum of $20,000 to convey said premises to appellant, and that appellant agreed with the agents, E. A. Cummings & Co., to pay said sum, as follows: $500 cash in hand, $9500 upon delivery of warranty deed, and the balance in equal installments in one, two and three years thereafter, with interest at the rate of six per cent per annum; that appellant did pay said $500 cash, and that E. A. Cummings & Co. were duly authorized to make said contract and receive the money; that appellant has always been ready and offered to perform his part of the contract, but that appellee Joseph K. Tyler refuses to comply with his agreement, and that appellant is ready to pay said $9500, and perform his part of said agreement, upon delivery to him of a good and sufficient deed; that on the 21st day of July, appellees Joseph K. and Emma J. Tyler fraudulently conveyed said premises to appellee C. H. Hood, to defeat appellant's claim, and that Hood had full and complete actual notice of the previous sale to appellant, and that he believes said conveyance was without consideration, and made for the sole purpose of defrauding

appellant, and hindering him in the enforcement of his rights. The bill prays that the defendants may be required to answer, and that a specific performance of the contract may be decreed.

The defendants answered the bill, admitting that Joseph K. Tyler was seized in fee and was in possession of said premises July 10, 1890, but deny having entered into any agreement, personally or otherwise, for the sale thereof; deny that E. A. Cummings was authorized by Joseph K. Tyler to sell said land, and say that if appellant paid $500 to Cummings it was in his own wrong, and without authority from Tyler to Cummings to receive the same for Tyler; that Joseph K. and Emma J. Tyler did, on the 21st day of July, for a sufficient and valuable consideration to them paid, and without fraud, as they had a perfect right to do, notwithstanding the fraudulent claims and pretenses of appellant, and with full notice of the same, convey said premises to C. H. Hood; cite section 2, chapter 50, of the Revised Statutes, entitled "Frauds and Perjuries," and aver that Joseph K. and Emma J. Tyler, nor either of them, nor any other person by them or either of them lawfully authorized in writing signed by them or either of them, signed any contract for the sale of said premises to appellant, and that the pretense that there was a written agreement signed by E. A. Cummings for and on behalf of Tyler is wholly false and untrue; that appellees rely upon said statute as a bar to this suit and the relief prayed, and pray that the suit may be dismissed.

The defendant Hood filed a cross-bill, in which he alleged that the complainant had recorded in the recorder's office of Cook county the paper writing alleged to be a contract which was a cloud on his title, and prayed for a decree removing the cloud from his title.

On the hearing, on the pleadings and evidence, the court entered a decree dismissing the bill of the complainant, and also rendered a decree in favor of the complainant in the cross-bill, as prayed therein.

Messrs. PINCKNEY & TATGE, and Mr. W. D. BARGE, for the appellant:

If the letters and dispatch had been signed by J. K. Tyler, the authority of Cummings & Co. to make the sale would have become complete. We claim that the writing of the letters and signing of the dispatch must be considered as a writing and signing by the principal, and not by an agent. *Irwin* v. *Thompson,* 4 Bibb, 295; *Gardner* v. *Gardner,* 5 Cush. 483; *Jansen* v. *McCahill,* 22 Cal. 563; *Frost* v. *Deering,* 21 Me. 156; Story on Agency, sec. 51; *Railroad Co.* v. *Shunick,* 65 Ill. 223; *Rogers* v. *Frost,* 14 Texas, 267; *Higgins* v. *Senier,* 8 M. & W. 834; Story's Eq. Jur. secs. 171-173.

Where the owner of land, on being notified of an offer to purchase, and, learning all the facts, sends a telegram to an agent who has authority to accept an offer and make the sale, he will be bound by a sale made by his agent as directed. *Chappell* v. *McKnight,* 108 Ill. 570.

A sufficient memorandum has been shown. It consists of a series of letters, a telegraphic dispatch, and a receipt. The names of the vendor and vendee, the description of the premises, the conditions and the price are all sufficiently set forth in the writings. The proposition to sell was made in writing, the acceptance was made by part payment of the purchase money, and the premises were described as No. 1421 Wabash avenue, and admitted by the pleading to be the property in question. This, we submit, is, under the laws of Illinois, a sufficient memorandum in writing. *Cossit* v. *Hobbs,* 56 Ill. 231; *Wood* v. *Davis,* 82 id. 311.

The silence of Tyler after a full knowledge of all the facts is a ratification and an acceptance of the terms of the sale. *Greely* v. *Bartlett,* 1 Greenl. 172; *Smith* v. *Peoria County,* 59 Ill. 412; *Ward* v. *Williams,* 26 id. 447; *Searing* v. *Butler,* 69 id. 575; *Barber* v. *Mortgage Co.* 102 id. 121; *Insurance Co.* v. *White,* 106 id. 67; *Insurance Co.* v. *Kirchoff,* 133 id. 368; Ewell's Evans on Agency, 168.

Mr. W. T. BURGESS, for the appellees:

The crucial test, so far as the Statute of Frauds is concerned, is, were those acts by his wife, for him, warranted by a writing signed by him. This is not pretended. Then the other alternative is presented, that these letters and telegrams were written and his name signed in his actual presence, and with his assent knowingly given thereto, and so were his own personal acts, by which he constituted E. A. Cummings & Co. his agents. *Railroad Co.* v. *Shunick,* 65 Ill. 228.

The ratification of the act of an agent by the principal must be of the same dignity as that required to constitute the agency. If that must be in writing, the ratification must be the same. If that must be under seal, the ratification must be the same. *Ingraham* v. *Edwards,* 64 Ill. 527; *Maus* v. *Worthing,* 3 Scam. 26; *Bragg* v. *Fessenden,* 11 Ill. 544; 9 Wend. 55; id. 67.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Joseph K. Tyler, of Emporia, Kansas, was the owner of the property in question. E. A. Cummings & Co., real estate agents of Chicago, were agents of Tyler for the collection of rents. On the 10th day of July, 1890, appellant, Edwards, entered into an arrangement with E. A. Cummings & Co., under which he claims to be a purchaser of the property. Edwards paid $500, and Cummings & Co. made out certain papers, which read as follows:

"*No. 4501.*—Deposited July 10, 1890, the sum of $500. This deposit to apply on contract, when made, for lot . . . . ., property known as 1421 Wabash avenue, block . . . . ., price to be $20,000; terms, $10,000 cash, and balance one, two and three years, subject to approval of owner, interest six per cent, subject to taxes and assessments after 1889.

"The above memorandum for purchase is correct.

  "Name,     BJOERN EDWARDS.
  "Address,    108 and 110 East Randolph.
"Approved: . . . . . . . . . . . . . . . ., Owner."

"*E. A. Cummings & Co.:*     "CHICAGO, *July 10, 1890.*

"Received of Bjoern Edwards $500, to be accounted for by us.     E. A. CUMMINGS & Co.,

A. D. PITCHER."

Tyler, the owner of the property, denied that Cummings & Co. had authority to sell, and therefore refused to convey upon request to do so by Edwards. The question therefore presented at the outset is, whether Cummings & Co. had authority to sell the property.

It is not claimed that Joseph K. Tyler ever executed a power of attorney, or, indeed, any paper authorizing Cummings to sell the property, but the position of counsel for appellant, as we understand the argument, is, that certain letters and a telegram prepared by E. J. Tyler, the wife of defendant, and sent to Cummings & Co. with the knowledge and consent of defendant, must be regarded as the act of defendant himself, and hence competent written authority to sell the property.

It appears that the property was encumbered for $7500, which would become due July 10, 1890. On April 2, 1890, Mrs. Tyler wrote as follows: "The loan of $7500 I have on the property expires July 10. I want, if possible, to sell before I have to renew it. What, in view of the World's Fair and general boom, do you think it can be sold for between now and July, and would you advise me to sell or renew the loan?" Again, on April 26, 1890, she writes, "I am anxious to sell;" and on June 9, 1890: "If the place could be sold for $20,000 before that time (July 10) I would be rejoiced." On June 13, 1890, she writes, "Sell, if possible." The following telegram, dated Emporia, Kan., was received July 9, 1890:

"*To E. A. Cummings & Co., cor. LaSalle & Madison sts., Chic.:*

"Twenty thousand dollars is the lowest amt. that will-buy it.

J. K. TYLER."

On the 10th of July, 1890, E. A. Cummings & Co. wrote to Tyler, and also telegraphed to him: "We have sold [subject]

to your approval, 1421 Wabash avenue, for $20,000; terms, $10,000, and balance one, two and three years." Receiving no reply, on the 15th of July, 1890, they wrote to Mrs. Tyler that "in accordance with your telegram of the 9th inst. we sold 1421 Wabash avenue for $20,000, and so advised you. Please let us hear from you at once in regard to same." To this they received no reply, and on the 21st of July, 1890, Tyler and wife conveyed the property to C. H. Hood, for the consideration expressed of $21,000.

It appears that Tyler was a man in poor health, and his wife attended to his correspondence and was looking after the rent of his property, but the letters she wrote Cummings & Co. were not submitted to him, and he had no knowledge of their contents. As to the telegram, he knew that his wife intended to send a message, but what it contained he did not know, as it was prepared at the office of Mr. Hood, and was never submitted to him, nor was he informed of its contents. If the letters written by Mrs. Tyler, and the telegram, had been submitted to Tyler before they were transmitted to Cummings & Co., and received his approval, it may be he would be bound by the statements contained in those papers, on the ground that they were his acts, and not the acts of the wife; but we are aware of no principle upon which it could be held that he was concluded by what his wife might write or telegraph, when he had no knowledge whatever of the contents of the communications she transmitted to these parties. What she said and did were the mere acts and declarations of a third party, which could not be binding upon him. On the other hand, if the wife acted as the agent of Tyler in her communications with Cummings & Co., she was contracting with them for the sale of an interest in land, and the authority to make any contract, as agent for Tyler, should have been in writing. There is no evidence whatever in the record tending to prove that Tyler gave his wife any authority in writing to sell or dispose of the premises, or to authorize Cummings & Co., or

any other party, to sell the property. The Statute of Frauds set up in the answer was therefore a complete defense to the case made by the bill. Indeed, the memorandum of sale which Cummings & Co. gave to appellant shows upon its face that they did not regard their authority to sell the premises sufficient, otherwise the memorandum would not have contained the clause, "subject to approval of owner." This view is also confirmed by the letter of Cummings & Co. of July 10, addressed to Tyler, in which they say, "we have sold subject to your approval." If Cummings & Co. had been fully authorized to sell, they no doubt would have made an absolute and unconditional sale, and then notified Tyler to furnish a deed.

We perceive no ground upon which appellant could maintain his bill. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*